IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KRISTA L. SMITH, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | CIV. NO. AMD 05-1824 |
| | : | |
| BUREAU OF PRISONS, et al., | : | |
|     Defendants | : | |

...o0o...

MEMORANDUM OPINION

In this case, plaintiff Krista L. Smith seeks damages and other relief for alleged violations of her rights in connection with the interception, and subsequent disclosure to her employer of some of the contents, of correspondence she mailed to her husband, an inmate at a federal correctional facility, by the Warden of that facility. Smith has sued the United States[1] under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and she has purported to assert First and Fifth Amendment *Bivens*[2] claims against the Warden, defendant Bobby Shearin. Finally, she has purported to assert claims pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, against the Bureau of Prisons ("BOP"). Now pending are the defendants' alternative motion to dismiss or for summary judgment, to which Smith has filed a lengthy opposition. No hearing is necessary. *See* Local Rule 105.6. For the reasons set

---

[1]In fact, plaintiff did not name the United States as a defendant, but the government has acknowledged both that her pro se complaint should be read as if she did and that she in fact exhausted her administrative remedies under the FTCA. Accordingly, the court shall treat the motion as if it had been filed on behalf of the United States in respect to plaintiff's ostensible FTCA claims. *See also infra* n. 4

[2]*Bivens v. Six Unknown Named Narcotic Agents,* 403 U.S. 388 (1971).

forth within, the court shall grant the motion for summary judgment.

I

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id*. at 248. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). Of course, the facts, as well as justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the

nonmoving party. *Matushita Elec. Indust. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

II

Although plaintiff takes an expansive view of what constitutes the material facts here, and asserts many are disputed, the court is satisfied that there is no *genuine dispute of material fact*. At the times relevant to this case, plaintiff was employed as an instructional aide/substitute teacher by the Mineral County, West Virginia, Superintendent of Public Instruction. Plaintiff is the mother of five children. Plaintiff's husband, Fernando Smith (who is serving a sentence of more than 140 months), was an inmate at the Federal Correctional Institution at Cumberland, Maryland, located not far from Mineral County, West Virginia.

On or about August 8, 2002, Fernando Smith was involved in a physical altercation with another inmate in the bakery of FCI Cumberland. He was placed on administrative detention and his family visits were suspended pending the completion of an investigation into the circumstances of the fight in the bakery. Ultimately, on or about October 22, 2002, Fernando Smith was found guilty of several institutional infractions and, among other sanctions imposed, he was recommended for transfer from FCI Cumberland. In connection with the investigation and adjudication of the disciplinary charges mentioned above, Fernando Smith and his wife, plaintiff here, filed numerous challenges, grievances, and

remedy requests.[3]

In the meantime, partly in consequence of the investigation and partly in accordance with customary BOP policy (awareness of which Fernando Smith had previously acknowledged in writing), Fernando Smith had been placed on "mail monitoring." *See* 28 C.F.R. § 540 *et seq*. On or about November 13, 2002, in a letter to her husband, plaintiff enclosed photographs of some of the students at her school (including her own child) engaged in a bread-making activity. Included among the photographs was one or more photographs of one or more children of one or more correctional officers and/or staff employed at FCI Cumberland. In addition, the text of the letter referred to a medical condition of one of the children. When the November 13 letter and accompanying photographs were intercepted by prison staff performing the mail monitoring on Fernando Smith's mail, they alerted Warden Shearin. Thereafter, Warden Shearin wrote to the Superintendent of Schools (enclosing the correspondence sent by plaintiff), complaining that it was inappropriate for plaintiff to have sent photos of the children of prison staff to the prison without the consent of their parents. Thereafter, plaintiff was counseled by her superiors and agreed to be more discerning in the future.

Plaintiff apparently contends that in intercepting and reviewing her correspondence to her husband and in notifying her superiors of the contents of the November 13 letter, the

---

[3]Apparently, Judge Williams of this court has denied relief to Fernando Smith in connection with his claims arising out of these incidents and the Fourth Circuit has affirmed the dismissal of those claims. *See Smith v. Federal Bureau of Prisons*, 154 Fed.Appx. 396 (4thCir. Nov. 17, 2005) (unreported).

Warden acted out a retaliatory motive, e.g., because she and her husband had vigorously contested the disciplinary proceedings arising out of the August 2002 fight in the prison bakery. Plaintiff filed suit in the United States District Court for the District of Columbia, from which the case was transferred to this district on defendants' motion.

III

Plaintiff may not proceed on any of her three claims against any defendant.[4] First, as to her FTCA claims, the court agrees with defendants that to the extent she asserts a claim for defamation, such a claim may not be maintained under the FTCA. *See* 28 U.S.C. § 2680(h); *Talbert v. United States,* 932 F.2d 1064, 1067 (4th Cir.1991). Nor can such a claim be asserted against the Warden in his individual capacity. 28 U.S.C. §§ 2679(d)(2), 2680(h); *United States v. Smith,* 499 U.S. 160, 165 (1991). Furthermore, as a matter of law, there is no showing of negligence or any other cognizable claim sounding in tort under Maryland law under the undisputed facts here, including a claim of intentional infliction of emotional distress. *See Batson v. Shiflett,* 325 Md. 684, 733- 35, 602 A.2d 1191, 1216-17 (1992).

Second, plaintiff's ostensible claims for infringement of her First Amendment rights

---

[4] The complaint alleges three distinct claims in separately-numbered counts: count one is a claim for violation of plaintiff's First Amendment "[r]ights of free speech and association;" count two is a claim for violation of the due process clause of the Fifth Amendment; and count three is a claim for violation of the Privacy Act of 1974, 5 U.S.C. § 552a. Nevertheless, plaintiff also mentions in the complaint, at ¶ 1 "28 U.S.C. §1346(b)" (the jurisdictional grant under the FTCA), and she further alleged in the complaint, at ¶ 26 (labeled "Conclusion") the following: "As a result of Defendants willful negligence, retaliation, deliberate indifference, abuse of process, malicious prosecution, failure to maintain and protect adequate records, unauthorized release of protected information and documents, and intentional infliction of emotional distress, the Plaintiff has suffered injuries." Like the defendants, the court will afford plaintiff's inartful complaint a generous reading, but will not seek to fathom heavily-disguised claims.

to "free speech" and "association" and her claim that she was deprived of due process fail as a matter of law. Monitoring of a prisoner's general incoming mail by prison staff does not infringe a *sender's* first amendment rights and there is no "process" due to such a person in advance of, or in connection with, such monitoring. The record makes indisputably clear that plaintiff's husband well knew that his non-legal mail could be intercepted and screened. In respect to a sender, even a family member, the Fifth Amendment due process clause is simply irrelevant to the interception of in-coming general mail. To the extent plaintiff complains about the Warden's decision to complain about her actions to her supervisor, plaintiff likewise fails to state a claim upon which relief may be granted under *Bevins*. It simply was not *wrongful* for the Warden to bring his belief that plaintiff had engaged in improper conduct by making an improper disclosure of his staffs' children's likeness and medical information to the attention of responsible supervisory officials at the school the children attended, where the photographs were taken, under the circumstances.

Finally, as to her Privacy Act claims, plaintiff fails to state a claim. Plaintiff cites to *Smiertka v. United States Dep't of Treasury,* 447 F.Supp. 221 (D.D.C.1978), *vacated and remanded on other grounds,* 604 F.2d 698 (D.C.Cir.1979), and *Wren v. Heckler*, 744 F.2d 86 (10th Cir. 1984), in support of her Privacy Act claims but the court can find nothing in those cases that support such claims as those asserted here. Although plaintiff repeatedly asserts that the BOP maintained "a file" on her, the claim here relates to a single item of correspondence sent to the correctional institution by plaintiff that was intercepted in

conformity with relevant BOP regulations. The court can find no basis in the Privacy Act for the conclusion that the Act's elaborate record-keeping and notice requirements apply in such circumstances.

IV

For the reasons set forth herein, the court shall grant defendants' alternative motion, treated as a motion for summary judgment, and dismiss this case with prejudice. An Order follows.

Filed: April 11, 2006                              /s/
                                              ANDRE M. DAVIS
                                              UNITED STATES DISTRICT JUDGE